## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

RECEIVED

|  |  |  |
|---|---|---|
| RICARDO MATTHEWS and | ) | 2006 FEB 28  P 3: 22 |
| CLEO FRANK JACKSON, Individually | ) | |
| and as Class Representatives of all the | ) | DEBRA P. HACKETT, CLK |
| people who have been issued a traffic | ) | U.S. DISTRICT COURT |
| citation or arrested by uncertified police | ) | MIDDLE DISTRICT ALA |
| officers employed by the Town of | ) | |
| Autaugaville, Alabama | ) | |
| Plaintiffs, | ) | |
|  | ) | |
|  | ) | CASE NO:  2:06cv185-DRB |
|  | ) | |
|  | ) | |
| vs. | ) | |
|  | ) | |
| TOWN OF AUTAUGAVILLE, A | ) | JURY DEMAND REQUESTED |
| Municipal Corporation organized under | ) | |
| the laws of the State of Alabama; | ) | |
| MICHAEL MCCOLLUM, In his official | ) | |
| capacity as a Police Officer of the Town of | ) | |
| Autaugaville;LE VAN JOHNSON, In his | ) | |
| official capacity as Police Chief of the | ) | |
| Town of Autaugaville;CURTIS JACKSON, | ) | |
| In his official capacity as the Mayor of the | ) | |
| Town of Autaugaville; DONNIE MARTIN | ) | |
| In his official capacity as a Police Officer | ) | |
| of the Town of Autaugaville; and WYATT | ) | |
| LEE SEGER, III, In his official capacity | ) | |
| as a Police Officer of the Town of | ) | |
| Autaugaville. | ) | |
|  | ) | |
|  | ) | |
| Defendants. | ) | |

## COMPLAINT

## I. PARTIES

1.    Plaintiff Ricardo Matthews, is a black male, over the age of nineteen years, and a

1

resident citizen if Autaugaville, Autauga County, Alabama, residing at 204 N. Pickett Street, Autaugaville, Alabama. The Plaintiff resides within the are encompassed by the United States District Court for the Middle District of Alabama, Northern Division.

2. Plaintiff Cleo Frank Jackson, is a black male, over the age of nineteen years, and a resident citizen of Montgomery County, Alabama, which is within the area encompassed by the United States District Court for the Middle District of Alabama, Northern Division.

3. Defendant Town of Autaugaville is a municipal corporation organized under the laws of the State of Alabama, who's business office is located at 109 N. Taylor Street, Autaugaville, Autauga County, Alabama, which is within the area encompassed by the United States District Court for the Middle District of Alabama, Northern District.

4. Defendant Michael McCollum is a white male, over the age of nineteen years, a resident citizenof Autauga County, Alabama and is employed as a police officer by the Town of Autaugaville, Alabama and is sued in his official capacity.

5. Defendant Le Van Johnson, is a white male, over the age of nineteen years, a resident citizen of Autaugaville County Alabama and is employed as the Chief of Police for the Town of Autaugaville, Alabama, which is within the area encompassed by the United States District Court for the Middle District of Alabama, Northern District. Defendant Johnson is being sued in his official capacity.

6. Defendant Curtis Jackson, is a white male, over the age of nineteen years, is a resident citizen of Autaugaville, Autauga County, Alabama, and is the Mayor of Autaugaville, which is within the area encompassed by the United States District Court for the Middle District of Alabama, Northern District. Defendant Jackson is being sued in his official capacity.

2

7. Defendant Donnie Martin, is a white male, over the age of nineteen years and a resident citizen of Elmore County, Alabama, and is sued in his official capacity as a police officer of the Town of Autaugaville.

8. Defendant Wyatt Lee Seger, III, is a white male, over the age of nineteen years and a resident citizen of Elmore County, Alabama and is sued in his official capacity as a police officer of the Town of Autaugaville.

## II.  JURISDICTION AND VENUE

9.      Plaintiffs Matthews and Jackson file this Complaint and invokes the jurisdiction of this Honorable Court under and by virtue of 42 U.S.C. § 1983, and the Constitution of the United States of America, Amendments IV, V and XIV.

10. Plaintiff Matthew and Plaintiff Jackson bring this action on behalf of themselves, individually and pursuant to Rule 23, Federal Rules of Civil Procedure, as a class action on behalf of all people who have been arrested and/or cited for traffic violations by uncertified police officers in the Town of Autaugaville, Alabama for the time period of February 1, 2004 through present date. Plaintiffs Matthews and Jackson aver that the class is so numerous that joinder of all members is impractical. Plaintiffs Matthews and Jackson aver that the question of law and/or common fact to the class, is the legality and subsequent prosecution and fine of a person who is arrested and charged by an uncertified police officer of the Town of Autaugaville, Alabama. Plaintiffs Matthews and Jackson further aver that their claims as a representative of the class are typical of the claims of other members of the class. Plaintiffs Matthews and Jackson further aver that in their representative capacity they will fairly and adequately protect the interest of other

3

members of the class.

### III.  FACTS

11.    On or about November 11, 2005, Plaintiff Matthews was stopped by Defendant McCollum while he was on duty and acting in his official capacity as a Police Officer of the Town of Autaugaville.  Defendant McCollum wrote Plaintiff Matthews a citation for driving with a suspended license while Defendant McCollum was acting in his capacity as a police officer of the Town of Autaugaville.  Defendant McCollum ordered Plaintiff Matthews' automobile to be towed and said automobile was placed in storage.  The automobile remains in storage as of the filing of this complaint.

12.  Defendant McCollum was hired by Defendant Le Van Johnson to be a police officer for the Town of Autaugaville, Alabama on or about September 20, 2005.  Said hiring was supervised and approved by Defendant Curtis Jackson.  Defendant McCollum was not certified to be a law enforcement officer in the State of Alabama by the Alabama Peace Officers and Standards Training Commission until December 9, 2005.

13.  Defendant Donnie Martin was hired by Defendant Le Van Johnson on or about April 7, 2004, as a police officer of the Town of Autaugaville, Alabama and worked until on or about June 2005.  Said hiring was supervised and approved by Defendant Jackson.  Defendant Martin was not certified to be a law enforcement officer in the State of Alabama by the Alabama Peace Officers and Standards Training Commission until November 4, 2004.

14.  On or about June 19, 2004, Plaintiff Jackson was cited for speeding by Defendant Martin while Defendant was acting in his capacity as a police officer of the Town of Autaugaville, Alabama.  Plaintiff Jackson was found guilty and paid a fine and court costs of $172.50.

4

15. On or about April 18, 2004, Plaintiff Matthews was given an Alabama Uniform Traffic and Complaint Citation, ticket number 6347086, and charged with "no proof of insurance" by Defendant Wyatt Lee Seger, III, while Defendant Seger was acting in his capacity as police office of the Town of Autaugaville, Alabama.

16. Defendant Wyatt Lee Seger, III, was hired as a police officer with the Town of Autaugaville, Alabama by Defendant Le Van Johnson on February 4, 2004. Said hiring was supervised and approved by Defendant Jackson. Defendant Wyatt Lee Seger, III was certified Alabama Peace Officers and Standards Training Commission to be a law enforcement officer until July 15, 2004.

17. Rule 650-X-2-.01 of the Alabama Peace Officers Standards and Training Commission (henceforth APOSTC) provides the standards of training. (Exhibit 1). The Rule specifically provides:

> "...An applicant may be provisionally appointed for a period of six months.
>
> a.) Provisional appointment requires:
> 1.) An application package as set out in Rule 650-X-2-.09 has been submitted on the first day of employment as stipulated in Rule 650-X-1-.16(4) and has been received by the Commission.
> 2.) An applicant involved in patrol operation for the purpose of detection, prevention and supervision of crime on the enforcement of the traffic or highway laws of the state, including exercising the power of arrest, **will be under the direct control and supervision of a certified law enforcement officer**. (Emphasis Added)
> ..."

18. Section 36-21-50, Code of Alabama 1975, as amended, provides:

> "Any person who shall appoint any applicant who, to the knowledge of the appointer, fails to meet the qualifications as a law enforcement officer provided in Section 36-21-46 or the standards,

> rules and regulations issued by the commission under this article
> and any person who signs the warrant or check for the payment of
> the salary of any person who, to the knowledge of the signer, fails
> to meet the qualifications as a law enforcement officer provided in
> Section 36-21-46 or any standard, rule and regulation issued
> pursuant to this article shall be guilty of a misdemeanor and, upon
> conviction, shall be subject to a fine not exceeding $1,000. (Acts
> 1971, No. 1981, p.  3224, § 8.)"

19.  Pursuant to Section 11-43-81, Code of Alabama 1975, as amended, it is provided in

pertinent part that:

> "The Mayor shall be the Chief Executive Officer, and shall have
> general supervision and control of all other officers and the offices
> of the City or Town..."

## IV.  COUNT I- DUE PROCESS

20.  As to the following cause of action Plaintiffs expressly adopt all of the foregoing

paragraphs as if fully set out herein.

21.  Plaintiffs allege and aver that Defendants Le Van Johnson and Curtis Jackson have a

practice and pattern of not following the law of the State of Alabama and/or the Rules of

APOSTC when hiring police officers for the Town of Autaugaville, Alabama in that said

Defendants allow uncertified police officers to patrol and enforce the law, suppress crime and

exercise the power of arrest without being under direct control and supervision of a certified law

enforcement officer.  Plaintiff further aver and allege that Defendant Johnson and Jackson have

caused said uncertified officers to be paid in violation of § 36-21-50, Code of Alabama 1975, as

amended.

22.  Plaintiff Matthews claims his arrest by Defendant McCollum and by Defendant Seger

and Plaintiff Jackson's arrest by Defendant Martin violated each of their individual rights

6

guaranteed by Amendment V and XIV of the Constitution of the United States of America. Plaintiff Matthews and Plaintiff Jackson claim their stop and arrest was the result of an illegal act and an act beyond the authority of the officer that stopped and each, and was undertaken under color of state law.

## V. COUNT II-EQUAL PROTECTION

23. As to each of the following causes of action the Plaintiffs expressly adopt all of the foregoing paragraphs, as if fully set forth herein.

24. Plaintiffs aver that Defendants Le Van Johnson and Curtis Jackson, has established a pattern, practice, policy and/or procedure by which to circumvent and violate the Rule of APOSTC and the laws of the State of Alabama. Specifically, Defendants LeVan Johnson and Curtis Johnson allow uncertified individuals to be involved in patrol operations for the purpose of detection, prevention and suppression of crime on the enforcement of the traffic or highway laws of the state, including exercising the power of arrest, while not being under the direct control of supervision of a certified law enforcement officer as required by Rule 650-X-2-.01 of APOSTC and paid said officers in violation of State statutes. Said action was taken under color of state law and said action violated the Plaintiffs' rights guaranteed to each of them by Amendment XIV of the Constitution of the United States of America and depriving each of the Plaintiffs the equal protection of the law. The specific action taken against the Plaintiffs as detailed above, was illegal, unconstitutional and beyond the authority of the officer taking the action.

## VI. COUNT III- FAILURE TO ADEQUATELY TRAIN AND SUPERVISE

25. As to each of the following causes of action, the Plaintiffs expressly adopt all of the foregoing paragraphs, as if fully set forth herein.

7

26. The Plaintiffs aver and allege that Defendant Le Van Johnson and Curtis Jackson, acting under color of state law, failed to adequately train and supervise Defendants McCollum, Martin and Seger. Additionally, Plaintiffs aver and allege that Brent Wadsworth worked as a patrol officer for the Town of Autaugaville from June 16, 2005 until September 29, 2005, and was never certified by APOSTC, although Brent Wadsworth was involved in numerous patrol operations for the purpose of detection, prevention and suppression of crime or the enforcement of the traffic or highway laws of the state, including the power of arrest, without being under the direct control and supervision of a certified law enforcement officer. Plaintiffs aver and allege that Defendants Johnson and Jackson failed to adequately train and supervise Brent Wadsworth, and thus allowed Wadsworth to act beyond his authority under color of state law.

As a proximate result of Defendants Johnson and Jackson failure to adequately train and supervise Michael McCollum, Donnie Martin, Wyatt Seger, III and Brent Wadsworth, the Plaintiffs and others similarly situated individuals were denied due process and equal protection of the laws.

## VII. PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiffs Matthews and Jackson, individually and on behalf of the member of the class, prays this Honorable Court will issue an Order declaring:

> a) That any and all arrest, that are a result of the action of an uncertified police officer of the Town of Autaugaville, Alabama are null void and without effect.
>
> b) Furthermore, the Plaintiffs, individually and on behalf of all members of the class, pray this Honorable Court will order the Town of Autaugaville to return any

8

and all fines and court costs that were the result of the action of uncertified police officers.

c) That upon hearing, the Court enter an Order pursuant to Rule 23(c)(1), Federal rules of Civil Procedure, that this case may be maintained as a class with the class consisting of all people who have been issued a citation by any and all uncertified police officers employed by the Town of Autaugaville during the time period of February 2004 until the present.

d) That the Court conduct a "damages hearing" for the purpose of determining the amount of the damages to be awarded to each Plaintiff and to each member of the class as a result of an illegal and unlawful arrest by a police officer of the Town of Autaugaville, Alabama that was not a properly and lawfully certified police officer.

e) That the Court award for Plaintiffs and the Plaintiffs' class damages.

f.) That the Court award to the attorneys for the Plaintiffs and the class a reasonable attorney fee, costs and expenses.

g) Pursuant to Rule 57, Federal Rules of Civil Procedure, the Plaintiffs request the Court to enter an Order for a speedy hearing of this cause and to advance this cause on the Court's calendar.

h) That the Court award the Plaintiffs and the class such other, different, further and additional relief as the Court deems appropriate, just and proper.


RESPECTFULLY SUBMITTED on this the _28th_ day of February, 2006.


9

By: _____
JIM L. DeBARDELABEN [DEB003]
Attorney for the Plaintiffs

**OF COUNSEL:**
JIM L. DEBARDELABEN
1505 Madison Avenue (36107)
Post Office Box 152
Montgomery, Alabama   36101-0152
(334) 265-9206

**Serve all Defendants via Certified Mail as follows:**
Town of Autaugaville
c/o Autaugaville City Hall
109 N. Taylor Street
Autaugaville, Alabama 36006

Michael McCollum
c/o Autaugaville City Hall
109 N. Taylor Street
Autaugaville, Alabama 36006

Police Chief Le Van Johnson
c/o Autaugaville City Hall
109 N. Taylor Street
Autaugaville, Alabama 36006

Mayor Curtis Jackson
c/o Autaugaville City Hall
109 N. Taylor Street
Autaugaville, Alabama 36006

Donnie Martin
1626 Martin Drive
Deatsville, Alabama 36022

Wyatt Lee Seger, III
77 Cherry Street
Wetumpka, Alabama 36092

10