IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Ricardo Matthews and Cleo Frank Jackson, et al., | * * * | |
| Plaintiffs, | * * | |
| vs. | * * | 2:06 cv 185-DRB |
| Town of Autaugaville, et al., | * * | |
| Defendants. | * | |

## MOTION TO DISMISS

COME NOW Defendants, by and through counsel, and pursuant to Fed. R. Civ. Pro. 12(b)(6) file the following Motion to Dismiss Plaintiffs' Complaint in its entirety, as it fails to set forth a claim upon which relief may be granted. In support of this motion, Defendants state as follows:

1. Count One of Plaintiffs' Complaint alleges that these Defendants violated Plaintiffs' procedural due process rights. Specifically, Plaintiffs allege that these violations arose from the Defendant officers' acts of stopping and/or arresting Plaintiffs prior to being officially certified as police officers.

2. Plaintiffs' allegations do not support a due process claim. Plaintiffs are not directly challenging city procedures which permitted officials to violate their due process rights or the lack of established procedures which gave officials the freedom to violate their due process rights; rather,

they are alleging that the city officials acted in contravention to established city procedures regarding the activities of police officers prior to certification. (See paragraph #21) Thus, Plaintiffs' claim is a procedural due process claim requiring Plaintiffs to show the lack of a meaningful post-deprivation remedy. *See Lumpkin v. City of Lafayette*, 24 F. Supp. 2d 1259, 1265 (M.D.Ala. 1998).

It is well-established that a procedural due process violation is not complete "unless and until the State fails to provide due process". *Zinermon v. Burch*, 494 U.S. 113, 123 (1990). In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise. *McKinney v. Pate,* 20 F. 3d 1550, 1557 (11th Cir. 1994).

Thus, even if the Plaintiffs' allegations state a procedural deprivation, such deprivation alone does not support a constitutional violation actionable under § 1983. It is not disputed that these Plaintiffs were either allowed a trial at which they could dispute the alleged "illegal" stop or arrest, or pled guilty to the charges, thus waiving due process. *Tiemens v. United States*, 724 F. 2d 928, 929 (11th Cir. 1984). The Eleventh Circuit has determined that Alabama courts provide adequate due process. *Tinney v. Shores*, 77 F. 3d 378, 382 (11th Cir. 1996). Accordingly, Plaintiffs were provided with a procedural remedy. As such, Plaintiffs' allegations are facially deficient and do not set forth a valid due process claim.

3. Count Two of Plaintiffs' Complaint asserts claims of equal protection violations, arising under the same set of facts and circumstances. However, Plaintiffs have not asserted that they were treated differently than other "similarly situated" individuals, as is required for an equal protection claim. *Spence v. Zimmerman*, 873 F.2d 256, 258 (11th Cir. 1989). In fact, this claim is

contradictory to Plaintiffs' allegations on its face. Plaintiffs are attempting to certify a class "of all people who have been issued a traffic citation or arrested by uncertified police officers employed by the Town of Autaugaville, Alabama". The class definition alone contradicts Plaintiffs' equal protection claim, as it implies that the officers violated the rights of <u>all</u> individuals cited or arrested. Accordingly, Plaintiffs have not set forth a valid equal protection claim and this claim is due to be dismissed.

4.      Count Three of Plaintiffs' Complaint alleges a failure of the Police Chief and Mayor of the Town of Autaugaville to adequately train and supervise the officers at issue. It is also well-settled that Plaintiffs seeking to prevail under this theory must first prove a direct causal link between the municipal policy and the constitutional deprivation; they then must establish that the municipality consciously enacted a policy reflecting "deliberate indifference" to the constitutional rights of its citizens. *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978); *City of Canton*, 489 U.S. 378, 389 (1989). Regardless, Plaintiffs must first establish that a constitutional deprivation occurred. As shown above, Plaintiffs cannot overcome this initial hurdle. Thus, the failure to train and supervise claim must also be dismissed, as such a claim, without first showing an actual violation, cannot stand. *See Rooney v. Watson*, 101 F.3d 1378, 1381-82 (11th Cir. 1996), *cert. denied,* 522 U.S. 966 (1997) ("an inquiry into a governmental entity's custom or policy is relevant only when a constitutional deprivation has occurred.").

WHEREFORE, premises considered, Defendants request the Court to enter an Order dismissing Plaintiffs' Complaint in its entirety, for its failure to state a claim for which relief can be granted.

        Respectfully submitted,


        /sRick A. Howard
        ALEX L. HOLTSFORD, JR. (HOL048)
        RICK A. HOWARD (HOW045)
        APRIL M. WILLIS (WIL304)
        Attorneys for Defendants

OF COUNSEL:
Nix Holtsford Gilliland
    Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128
(334) 215-8585


## CERTIFICATE OF SERVICE

    I hereby certify that I have this day sent by mail, postage prepaid, an exact copy of the foregoing document to:

Jim L. Debardelaben
1505 Madison Avenue
Post Office Box 152
Montgomery, AL 36101-0152


    This the 20th day of March, 2006.

        /s Rick A. Howard
        OF COUNSEL