IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

RICARDO MATTHEWS and )
CLEO FRANK JACKSON, et al., )
    Plaintiffs, )
)
) CASE NO:2:06 cv 185-DRB
)
)
vs. )
)
TOWN OF AUTAUGAVILLE, et al., )
)
)
    Defendants. )

## BRIEF IN OPPOSITION TO MOTION TO DISMISS

COME NOW Plaintiffs, by and through counsel, and responds in opposition to the Defendants' Motion To Dismiss as follows:

The cause of actions involved in this litigation revolves around the hiring of uncertified police officers by the Town of Autaugaville and allowing the uncertified officers to be involved in patrol operation for the purpose of detector, prevention and supervision of crime or the enforcement of traffic or highway laws of the state, including the power of arrest, without being under the direct control and supervision of a certified law enforcement officer.

The Alabama Peace Officers' Standards and Training Commission (henceforth APOSTC) was created by the Alabama Legislation in 1971. (36-21-41, Code of Alabama 1975, as amended). Part of the duties and responsibilities of APOSTC was to establish a required course of training for law enforcement applicants. (36-21-46, Code of Alabama 1975, as amended). APOSTC

1

duties and responsibilities also included issuing rules, regulations and standards. (36-21-45(8), Code of Alabama 1975, as amended).

Rule 650-X-2-.01 of APOSTC specifically provides for employment before a person is a certified law enforcement officer. However, Rule 650-X-2-.01 limits how of provisional appointment may be utilized as follows:

> "...An applicant may be provisionally appointed for a period of six months.
> a.) Provisional appointment requires:
> 1.) An application package as set out in rule 650-X-2-.09 has been submitted on the first day of employment as stipulated in Rule 650-X-1-.16(4) and has been received by the Commission.
> 2.) An applicant involved in a patrol operation for the purpose of detection, prevention and supervision of crime or the enforcement of the traffic or highway laws of the state, including exercising the power of arrest, will be under the direct control and supervision of a certified law enforcement officer."

In this instance the Town of Autaugaville, through the action of the Police Chief, Defendant Le Van Johnson, and with the approval of the Mayor, Defendant Curtis Jackson, hired four individuals, who were not certified by APOSTC to be law enforcement officers. After these four individuals Michael McCollum, Donnie Martin, Wyatt Lee Seger, III, and Brent Wadsworth were hired, they were allowed to be involved in patrol operations for the purpose of detection, prevention and supervision of crime or the enforcement of the traffic and highway laws of the State of Alabama, including exercising the power of arrest, without being under the direct control and supervision of a certified law enforcement officer.

The action of the Town of Autaugaville, Chief of Police Johnson and Mayor Jackson, to allow uncertified individuals to be actively involved in patrol operations, enforcing the traffic laws, and making arrest without being under direct control and supervision of a certified officer, was

and is an illegal act. In *Louisiana Public Service Commission v. FCC*, 476 U.S. 355, 106 S. Ct. 1890, 1901, 90 L. Ed. 2d 369(1969) it was held that administration agencies have no power to act beyond the power conferred by Congress. In this case, the Town of Autaugaville, Defendant Johnson and Defendant Jackson acted beyond authority granted by the State of Alabama when uncertified officers are allowed to patrol and arrest people without direct supervision of a certified officer.

It appears the Town of Autaugaville, Defendant Johnson and Defendant Jackson are attempting to rewrite the regulations of APOSTC without complying with the Alabama Administrative Procedure Act, which requires notice and a chance for public comment. (See § 41-22-5, Code of Alabama 1975, as amended).

There is no procedure for the Plaintiffs or anyone else to object or protest the use of improperly supervised and uncertified law enforcement officers used to enforce the law. The IV Amendment gives the people the right to "be secure in there persons, houses, papers and effects...". The use of improperly supervised uncertified officers by the Town of Autaugaville, Police Chief Johnson, and Mayor Jackson, violated this precious right.

Not only were the Plaintiffs and the representative class' procedural rights violated, but their substantive rights as well. The citizens of Autaugaville as well as any person passing through Autaugaville are entitled for the Rules and Regulations of APOSTC to be followed. When the Town of Autaugaville, Police Chief Johnson and Mayor Jackson failed to insure APOSTC regulations on supervision was followed, the Plaintiffs and the class they represent substantive due process rights were violated. In a Court proceeding, especially a municipal court, citizens depend upon the town to hire qualified police officers. It is not unusual for an officer's

qualifications to be a police officer to be questioned. The Plaintiffs and the class of people they represent had a fundamental right to be stopped only by properly supervised uncertified law enforcement officers. Being stopped by an improper supervised uncertified officer amounts to an illegal and improper stop and this is in violation of substantive due process. *Collins v. City of Harkey Heights,* 112 S. Ct. 1061, 1068, 117 L. Ed. 2d 261 (1992).

### Equal Protection

In this case, the Plaintiffs' represent themselves and all of the people who have been arrested and/or cited for traffic violations by uncertified police officers in the Town of Autaugaville, Alabama from February 1, 2004 through the present. It is pointed out that paragraph 26 encompassed all three counts when it is stated:

> "As a proximate result of Defendant Johnson and Jackson's failure to adequately train and supervise Michael McCollum, Donnie Martin, Wyatt Lee Seger, III, and Brent Wadsworth, the Plaintiffs and other similarly situated individuals were denied due process and equal protection of the laws."

Under the equal protection clause "No state shall...deny to any person within its jurisdiction the equal protection of the laws." *U.S. Constitution amend XVI§ 1.* The equal protection clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Texas v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S. Ct. 3429, 3254, 87 L. Ed. 2d 313 (1985).

In this case it is evident that the Plaintiffs and the class of people the Plaintiffs represent are being treated differently by the Town of Autaugaville and the Defendants than by other towns, municipalities, and law enforcement agencies under the direction of APOSTC. The Town of

4

Autaugaville, nor any of the Defendants are following the requirements mandated by APOSTC for a law enforcement officer who has not been properly certified. Thus the Plaintiffs and members of the class are not receiving the same treatment as other citizens of the State of Alabama. Therefore, the Plaintiffs and class members are being denied the equal protection of a law that was basically designed to insure only trained and certified law enforcement officials would enforce the law.

Insofar as a failure to train and supervise argument, the Plaintiffs adopts the above argument as a response.

The Plaintiffs believe that when all the facts are in, the real purpose of this practice will be shown as a way to produce money for the Town of Autaugaville. In essence, the Town of Autaugaville was operating a speed trap with unqualified law enforcement officers.

Respectfully submitted this the 14th day of April, 2006,

/s/ Jim L. DeBardelaben
JIM L. DEBARDELABEN (DEB003)
Attorney for Plaintiffs

**OF COUNSEL:**
Jim L. DeBardelaben
Attorney At Law
P.O. Box 152
Montgomery, Alabama 36101-0152
(334) 265-9206

5

## CERTIFICATE OF SERVICE

I hereby certify that I have this day sent by mail, postage prepaid, an exact copy of the foregoing document to:

Rick A. Howard, Esq.
Alex Holtsford, Jr., Esq.
April M. Wills, Esq.
Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, Alabama 36103-4128

/s/ Of Counsel