IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Ricardo Matthews and Cleo Frank Jackson, et al., | * * * | |
| Plaintiffs, | * * | |
| vs. | * * | 2:06 cv 185-MST |
| Town of Autaugaville, et al., | * * | |
| Defendants. | * | |

**OBJECTION TO CLASS CERTIFICATION**
**AND MOTION TO DISMISS CLASS ALLEGATIONS**

COME NOW Defendants, by and through counsel, and file the following Motion to Dismiss Plaintiffs' Class Allegations[1]. As Plaintiffs fail to set forth claims for which they may seek relief as representatives of a class of potential plaintiffs, class certification is inappropriate. In support of this motion, Defendants state as follows:

1.      Rule 23 of the Federal Rules of Civil Procedure sets forth the prerequisites that must be satisfied in order for a plaintiff to bring a lawsuit as a representative party of a class of individuals. This Rule provides that a class action is only appropriate if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. *Fed. R. Civ. Pro*. 23(a). Further, "[common] questions of law or fact" must "predominate over any questions

---

[1] Defendants previously filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the *Fed. R. Civ. Pro*. Defendants still maintain that Plaintiffs fail to state a claim upon which relief can be granted, and this Objection in no way should be construed as a waiver of that position.

affecting only individual members" and class resolution must be "superior to other available methods for the fair and efficient adjudication of the controversy." *Fed. R. Civ. Pro*. 23(b)(3). Subsection (c) of the rule provides that the court must determine by order whether to certify the action as a class action as early as practicable.

2. This case is not appropriate for class action treatment or certification, as plaintiffs cannot show that the basic requirements of numerosity, commonality, typicality, and adequacy are met. Further, common questions of law or fact do not predominate over individualized questions and class resolution is not the superior method for the adjudication of this controversy.

3. Specifically, Plaintiffs must show that each prerequisite of Rule 23 has been satisfied. Plaintiffs here have not established that the proposed class is "so numerous that joinder of all members is impracticable", that "the claims or defenses of the representative parties are typical of the claims or defenses of the class", or that "the representative parties will fairly and adequately protect the interests of the class". Further, even if claims have a common core, a case may be unsuited for treatment as a class action if there is material variation in the individual claims. See *Amchem Prods. v. Windsor*, 521 U.S. 591 (1997).

4. Any analysis of the claims presented in this lawsuit would necessarily require analysis of *each* claim presented by *each* member of the plaintiff class. It is well established that where, as here, a claim necessarily involves and requires an individualized inquiry into the facts of a claim presented by each putative class member, a class action is generally inappropriate. See *Grainger v. State Sec. Life Ins. Co.*, 547 F. 2d 303 (5th Cir. 1977). The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation. See 7A *Wright, Miller, & Kane* 518-519. Where common

questions do not predominate, class status is not appropriate. Where there is a likelihood that significant questions, not only of damages but of liability and defenses of liability, would be present, affecting the individuals in different ways, class certification is not appropriate. In such circumstances an action conducted nominally as a class action would degenerate in practice into multiple lawsuits separately tried. See *Fed. R. Civ. Pro.* 23, *Comments* to Subdivision (b)(3).

5.      Here, Count One of Plaintiffs' Complaint alleges that these Defendants violated Plaintiffs' procedural due process rights. Specifically, Plaintiffs allege that these violations arose from the Defendant officers' acts of stopping and/or arresting Plaintiffs prior to being officially certified as police officers. Plaintiffs are alleging that the city officials acted in contravention to established city procedures regarding the activities of police officers prior to certification. (See Complaint, paragraph #21).   Count Two of Plaintiffs' Complaint asserts claims of equal protection violations, arising under the same set of facts and circumstances. Necessarily, Plaintiffs must present evidence that they were treated differently than other "similarly situated" individuals, as is required for an equal protection claim.  *Spence v. Zimmerman*, 873 F.2d 256, 258 (11th Cir. 1989). This will require proof *each and every* class member. Furthermore, this claim is contradictory to Plaintiffs' allegations on its face. Plaintiffs are attempting to certify a class "of all people who have been issued a traffic citation or arrested by uncertified police officers employed by the Town of Autaugaville, Alabama". The class definition alone contradicts Plaintiffs' equal protection claim, as it implies that the officers violated the rights of <u>all</u> individuals cited or arrested.

6.      The claims presented by the named Plaintiffs are not appropriate for class treatment and Plaintiffs have failed to show that the requirements of Fed. R. Civ. Pro. 23 have been met.

Accordingly, Defendants request that the Court deny class certification and dismiss all class allegations set forth in Plaintiffs' Complaint.

WHEREFORE, premises considered, Defendants request the Court to deny certification of the class of plaintiffs defined by the Plaintiff's Complaint, and dismiss all class allegations purportedly brought by the named Plaintiffs.

Respectfully submitted,

/sRick A. Howard
ALEX L. HOLTSFORD, JR. (HOL048)
RICK A. HOWARD (HOW045)
APRIL W. MCKAY (WIL304)
Attorneys for Defendants

OF COUNSEL:
Nix Holtsford Gilliland
      Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128
(334) 215-8585

## CERTIFICATE OF SERVICE

I hereby certify that I have this day sent by mail, postage prepaid, an exact copy of the foregoing document to:

Jim L. Debardelaben
1505 Madison Avenue
Post Office Box 152
Montgomery, AL 36101-0152

This the _____ day of May, 2006.

/s Rick A. Howard
OF COUNSEL