IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| RICARDO MATTHEWS and<br>CLEO FRANK JACKSON, et al.,<br>  Plaintiffs,<br><br>vs.<br><br>TOWN OF AUTAUGAVILLE, et al.,<br><br>  Defendants. | 2006 JUN -5 P 1: 46<br><br>CASE NO:2:06 cv 185-MHT-DRB |

## BRIEF IN OPPOSITION TO DEFENDANTS' OBJECTION TO CLASS CERTIFICATION AND MOTION TO DISMISS CLASS ALLEGATIONS

The Defendants argue that "this case is not appropriate for class action treatment or certification, as plaintiffs cannot show the basic requirements of numerosity, commonality, typicality, and adequacy are met." Attached as Exhibit 1 hereto is the "Request For Production" the plaintiffs' filed with the original action. Attached as Exhibit 2 is a letter requesting the items be produced. Defendants have failed to respond. Thus, it appears that the defendants are withholding information that would defeat their argument.

The basic element of this case is that the Town of Autaugaville hired uncertified police officers and allowed the uncertified police officers to work unsupervised in violation of Rule 650-X-2.01 of the Alabama Peace Officers Standards and Training Commission. The Town of Autaugaville hired at least four (4) officers who were not certified by APOST and allowed these

1

four officers to work unsupervised for approximately 19 months. Until the defendants respond to the requested "Request For Production" the plaintiffs cannot prove numerosity.

What the defendants did amounted to a fraud upon the public. By allowing uncertified police officers to enforce the law, the defendants presented to the general public that the officers were qualified to undertake the vitally important job of law enforcement. In *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718 (11th Cir. 1987) the Court quoting *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546 (11th Circ.), cert. denied, ___U.S._____, 107 S.Ct. 274, 93 L. Ed.2d 250 (1986), stated:

> "Rule 23 does not require that all the questions of law and fact raised by the dispute be common."

The Kirkpatrick Court, *supra*, citing Kennedy v. Tallant, recognized that "separate actions by each of the class members would be repetitive, wasteful, and an extraordinary burden on the courts." In this case the denial of class action statues might mean that the stakes are too low for the named plaintiff or individual plaintiffs to pursue this matter.

In Prado-Steiman v. Bush, 221 F.3d 1266 (11th Cir. 2000), the Court in discussing commonality stated:

> `Traditionally, commonality refers to the group of characteristics of the class as a whole and typically refers to the individual characteristics of the named plaintiff in relation to the class. See *Baby Neal v. Casey*, **43F. 3d 48, 56** (3rd Cir. 1994). These requirements "serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Falcon*, **457** U.S. at 157 n. 13, **102 S.Ct.2364.[fn14]**´

In addressing the typicality requirement the Prado-Steiman Court, *supra*, stated:

2

`(" [t]he typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members") (quoting *De La Fuente*, **713 F.2d at 232**). However, we do require that the named representatives' claims share "the same essential characteristics as the claims of the class at large." *Appleyard*, **754 F.2d at 985** (quoting *De La Fuente*, **713 F.2d at 232**) (emphasis added). In making this determination, we have concluded that " a strong similarity of legal theories will satisfy the typicality requirement despite substantial factual differences." *Appleyard*, **745 F.2d at 958**; *see also Kornberg v. Carnival Cruise Lines, Inc.*, **741 F.2d 1332, 1337** (11th Circ. 1984) (stating that "a sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory").´

In addressing the adequacy requirement the <u>Kirkpatrick Court</u>, *supra*, stated:

`[30] Among the prerequisites to the maintenance of a class action is the requirement of Rule 23(a) (4) that the class representatives "will fairly and adequately protect the interests of the class." The purpose of this requirement, as of many other of Rule 23's procedural mandates, is to protect the legal rights of absent class members. Because all members of the class are bound by the res judicata effect of the judgment, a principal factor in determining the appropriateness of class certification is "the forthrightness and vigor with which the representative party can be expected to assert and defend the interests of the members of the class." *Mersay v. First Republic Corp.*, **43 F.R.D. 465, 470** (S.D.N.Y. 1968); *see also Shatzman v. Talley*, 91 F.R.D. 270, 273 (N.D.Ga. 1981) (insufficiency of funds to prosecute suit indicates the "vigor with which the case will be pursued"); *Dolgow v. Anderson*, 43 F.R.D. 472, 494 (E.D.N.Y. 1968) (court "must be assured that ' the representatives [will] put up a real fight'" (quoting J. Cafee, Some Problems in Equity 231 (1950)), *rev'd on other grounds*, **438 F2d. 825** (2d Cir. 1971); *cf. Falcon*, **457 U.S. at 161, 102S.Ct. at 2372.**

[31] The inquiry into whether named plaintiffs will represent the potential class with sufficient vigor to satisfy the adequacy requirement of Rule 23(a)(4) most often has been described to "involve[] questions of whether plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation and of whether plaintiffs have interests antagonistic to those of the

3

rest of the class." *Griffin v. Carlin*, 755 F2d. 1516, 1532 (11th Cir. 1985). Even where these two requirements are satisfied, however, named plaintiffs might not qualify as adequate class representatives because they do not possess the personal characteristics and integrity necessary to fulfill the fiduciary role of class representative. *See, e.g., Kline v. Wolf*, 702 F2d. 400, 402-03 (2d Cir. 1983); *Armour v. City of Anniston*, 89 F.R.D. 331, 332 (D.C. Ala. 1980), *aff'd*, 654 F2d. 382 (5th Cir. Unit B Aug. 1981); 7A C. Wright, A. Miller and M. Kane, Federal Practice and Procedure, Civil 2d § 1766 at pp. 308-10.

. . . .

adequate class representation generally does not require that the named plaintiffs demonstrate to any particular degree that individually they will pursue with vigor the legal claims of the class. Although the interests of the plaintiff class certainly would be better served if the named plaintiffs fully participate in the litigation, see, e.g., *In re Goldchip Funding Co.*, 61 F.R.D. 592, 594-95 (M.D. Pa. 1974), the economics of the class action suit often are such that counsel have a greater financial incentive for obtaining a successful resolution of a class suit than do the individual class members. *See Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326, 338-39, 100S.Ct. 1166, 1174, 63 L.Ed.2d 427 (1980) (plurality opinion). It is not surprising, then, that the subjective desire to vigorously prosecute a class action, which the district court here found missing in the named plaintiffs, quite often is supplied more by counsel than by the class members themselves. Obviously this creates a potential for abuse. *See id.* at 339, 100SCt. at 1174. Yet the financial incentives offered by the class suit serve both the public interests in the private enforcement of various regulatory schemes, particularly those governing the securities markets, and the private interests of the class members obtaining redress of legal grievances that might not feasiblely be remedied "within the framework of a multiplicity of small individual suits for damages." *Id.'*

Based on the foregoing, the Defendants' Objection To Class Certification and Motion To Dismiss Class Allegations are due to be denied.

Respectfully submitted this the 5th day of June, 2006.

4

_____
JIM L. DEBARDELABEN (DEB003)
Attorney for Plaintiffs

**OF COUNSEL:**
Jim L. DeBardelaben
Attorney At Law
P.O. Box 152
Montgomery, Alabama 36101-0152
(334) 265-9206

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 5th day of June, 2006, sent by mail, postage prepaid, an exact copy of the foregoing document to:

Rick A. Howard, Esq.
Alex Holtsford, Jr., Esq.
April M. Wills, Esq.
Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, Alabama 36103-4128

_____
Of Counsel

5