IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Ricardo Matthews and Cleo Frank Jackson, et al., | * * * | |
| Plaintiffs, | * * | |
| vs. | * * | 2:06 cv 185-MST |
| Town of Autaugaville, et al., | * * | |
| Defendants. | * | |

### RESPONSE TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' OBJECTION TO CLASS CERTIFICATION AND MOTION TO DISMISS CLASS ALLEGATIONS

COME NOW Defendants, by and through counsel and in response to Plaintiffs' Brief in Opposition to Defendants' Objection to Class Certification and Motion to Dismiss Class Allegations, and state the following:

1.  On March 20, 2006, Defendants filed a Motion to Dismiss under Rule 12 of the Federal Rules of Civil Procedure. This Motion is still pending. Defendants later filed an Objection to Class Certification and Motion to Dismiss Class Allegations to preserve their objection to the class allegations and presumed request of the Plaintiffs to certify this action as a class action. Under Rule 23 of the Federal Rules of Civil Procedure, the trial court is to determine by order whether to certify the action as a class action as early as practicable. *Fed.R.Civ.Pro.*, R. 23(c). This Motion is currently under submission.

2.  Plaintiffs filed a Brief in Opposition to Defendants' Objection and Motion. In their Brief, Plaintiffs state that Defendants have refused to respond to Plaintiffs' discovery requests and that Plaintiffs are unable to show that the numerosity requirement for class certification is satisfied

without the requested information. Plaintiffs imply that Defendants have intentionally withheld information that would support Plaintiffs' request for class certification. This is not the case.

3. The undersigned counsel sent Plaintiffs' attorney a letter acknowledging that discovery responses had not been provided to Plaintiffs, and requesting that the parties agree to wait to engage in discovery until the Court ruled on Defendants' initial motion to dismiss and/or entered a scheduling order. Under the former local rules for the United States District Court for the Middle District of Alabama, civil discovery was not to commence prior to the Court's entry of a scheduling order under *Federal Rules of Civil Procedure* Rule 16(b). Defendants did not realize that this local rule has in fact been modified to allow such discovery. However, Defendants asked that Plaintiff wait until such time that the scheduling order was entered before seeking discovery. (See attached letter, Exhibit "A"). Plaintiffs' counsel did not respond to the undersigned counsel regarding this letter.

4. Notwithstanding discovery issues, this case is not appropriate for class action treatment or certification. Plaintiffs must show that each prerequisite of Rule 23 has been satisfied. Even without considering numerosity, Plaintiffs here have not established that "the claims or defenses of the representative parties are typical of the claims or defenses of the class", or that "the representative parties will fairly and adequately protect the interests of the class". Further, even if the claims have a common core, a case is unsuited for treatment as a class action if there is material variation in the individual claims. See *Amchem Prods. v. Windsor*, 521 U.S. 591 (1997). Even without considering what "might be" revealed in discovery, a class action must involve <u>issues</u> that are susceptible to class-wide proof. *Murray v. Auslander*, 244 F. 3d 807 (11th Cir. 2001). Indeed, in determining the propriety of proceeding as a class action, the question is not whether the plaintiffs will prevail on the merits, but rather whether the preliminary requirements of Rule 23 are met. *Cruz v. Hauck*, 627 F.

2d 710 5th Cir. 1980).

5.  Any analysis of the claims presented in this lawsuit would necessarily require analysis of *each* claim presented by *each* member of the plaintiff class, regardless of how many alleged members are revealed through discovery. It is well established that where, as here, a claim necessarily involves and requires an individualized inquiry into the facts of a claim presented by each putative class member, a class action is generally inappropriate. See *Grainger v. State Sec. Life Ins. Co.*, 547 F. 2d 303 (5th Cir. 1977).

6.  Defendants re-adopt the arguments in their Motion to Dismiss and object to class certification on the grounds set forth therein. Accordingly, Defendants request that the Court deny class certification and dismiss all class allegations set forth in Plaintiffs' Complaint.

WHEREFORE, premises considered, Defendants request the Court to deny certification of the class of plaintiffs defined by the Plaintiff's Complaint, and dismiss all class allegations purportedly brought by the named Plaintiffs, as set forth in Defendants' Motion to Dismiss.

Respectfully submitted,

/sRick A. Howard
ALEX L. HOLTSFORD, JR. (HOL048)
RICK A. HOWARD (HOW045)
APRIL W. MCKAY (WIL304)
Attorneys for Defendants

OF COUNSEL:
Nix Holtsford Gilliland
    Higgins & Hitson, P.C.
P.O. Box 4128

Montgomery, AL 36103-4128

(334) 215-8585

## CERTIFICATE OF SERVICE

I hereby certify that I have this day sent by mail, postage prepaid, an exact copy of the foregoing document to:

Jim L. Debardelaben

1505 Madison Avenue

Post Office Box 152

Montgomery, AL 36101-0152

This the 7th day of June, 2006.

/s Rick A. Howard
OF COUNSEL