IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Ricardo Matthews and Cleo Frank Jackson, et al., | * |
| Plaintiffs, | * |
| vs. | *   2:06 cv 185-MHT-TFM |
| Town of Autaugaville, et al., | * |
| Defendants. | * |

### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants, Town of Autaugaville, Chief LeVan Johnson, Mayor Curtis Jackson, Michael McCollum, Donnie Martin, and Wyatt Lee Segers and submit the following memorandum in reply to the Plaintiffs' response to Defendants' motion for summary judgment.

The basis of this case is that the Town of Autaugaville officers issuing tickets were provisionally appointed, not fully certified officers, and that provisionally appointed officers cannot issue tickets unless the officers are under the "direct control and supervision" of a certified officer. The phrase "direct control and supervision" is found in Rule 650-X-2.01 of the APOSTC Rules. It is clear that these rules are not Alabama law. Further, the rules Plaintiffs cite in their response to defendants' motion for summary judgement do not define "direct control and supervision." Alabama law is silent as to the tasks a provisionally appointed police officer can perform. Plaintiffs do not cite any case law or statute that further clarifies the rule. In fact, the only support for their position that Plaintiffs offer is a casual and hearsay conversation between Defendant Johnson and the Executive

Secretary of APOSTC, more than two years after the incidents made the basis of this lawsuit. Further, APOSTC does not have the power or duty to regulate a provisionally appointed individual. Alabama Code §36-21-45 does not give APOSTC the power or the duty to regulate the activity of a provisionally appointed individual. Subsection 2 of this code provision states the Commission shall have the power to "review from time to time the standard described in § 36-21-46 for applicants and appointees as law enforcement officers." This section only allows APOSTC to review the standards. It does not allow APOSTC to dictate the type of procedures or tasks of a provisionally appointed officer.

Plaintiffs fail to make a showing sufficient to establish the existence of the elements essential to their claims made in this case. Accordingly, summary judgment in favor of Defendants is appropriate. Rule 56, F.R.C.P.; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## I.  PLAINTIFFS' DUE PROCESS CLAIM

According to their Complaint, Plaintiffs are alleging that the city officials acted in contravention to established city procedures regarding the activities of police officers prior to certification. Thus, Plaintiffs' claim is a procedural due process claim requiring Plaintiffs to show the lack of a meaningful post-deprivation remedy[1]. *See Lumpkin v. City of Lafayette*, 24 F. Supp. 2d 1259, 1265 (M.D.Ala. 1998).

---

[1] In their response to Defendants' motion for summary judgment, Plaintiffs now claim that they have invoked the substantive component of the Due Process Clause, ignoring the fact that their claim is procedural in nature and by rule of law. Moreover, if Plaintiffs attempt to invoke the substantive component of the Due Process Clause, their case must be analyzed under the Fourth Amendment's illegal seizure component. Plaintiffs did not invoke the Fourth Amendment; nonetheless, their claims would fail because Plaintiffs pled guilty to the traffic citations, which proves the officers' actions were reasonable.

It is well-established that a procedural due process violation is not complete "unless and until the State fails to provide due process". *Zinermon v. Burch*, 494 U.S. 113, 123 (1990). In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under § 1983 arise. *McKinney v. Pate*, 20 F. 3d 1550, 1557 (11th Cir. 1994). Thus, even if Plaintiffs' allegations state a procedural deprivation, such deprivation alone does not support a constitutional violation actionable under § 1983. It is not disputed that these Plaintiffs were either allowed a trial at which they could dispute the alleged "illegal" stop or arrest, or pled guilty to the charges, thus waiving due process. *Tiemens v. United States*, 724 F. 2d 928, 929 (11th Cir. 1984). The Eleventh Circuit has determined that Alabama courts provide adequate due process. *Tinney v. Shores*, 77 F. 3d 378, 382 (11th Cir. 1996). Accordingly, Plaintiffs were provided with a procedural remedy.

Plaintiffs argue that a "defendant convicted on a guilty plea in state court is not precluded from seeking damages under 42 U.S.C. § 1983". (Response Brief, p. 8). While this is true, this statement of law does not apply in this context. Plaintiffs cite *Haring v. Procise*, 462 U.S. 306, 103 S.Ct 2368, 76 L. Ed 595 (1983) in support of this argument, although *Haring* simply holds that a plaintiff alleging a Fourth Amendment illegal search is not barred from filing suit in federal court even if a guilty plea was entered into on the charge in state criminal court. It does not affect the procedural due process argument above.

Even if plaintiffs were briefly deprived of their liberty, Plaintiffs cannot show that the state does not, and did not, provide a meaningful post-deprivation remedy. The undisputed fact in this case is that plaintiffs either pled guilty to, and paid fines for, the charges against them, or the charges

3

were dismissed. Even if plaintiffs suffered a procedural deprivation, they have not suffered a violation of their procedural due process unless the state refused to make available a means to remedy the deprivation. *Id.* Here, the state did just that, and plaintiffs pled guilty. Accordingly, Plaintiffs' due process claim is without merit and due to be dismissed.

## II.   QUALIFIED IMMUNITY

An argument that is not addressed by Plaintiffs in their response, Plaintiffs' due process claim is extinguished by qualified immunity because there is no evidence that the officers violated clearly established due process law. Rule 650-X-2.01, which plaintiffs rely upon, states that an applicant can be provisionally appointed for a period of six months and can be involved in traffic patrol or the enforcement of traffic or highway laws of the state, including exercising the power of arrest. The rules indicate that the individuals must be under the "direct control and supervision" of a certified officer. "Under the direct control of a supervising officer" is a phrase not defined in the law or in the rules. The rules promulgated by APOST are not the law in Alabama. The Alabama Code section which discusses provisionally appointed officers states that the individual must be certified within six months after employment and that the individual may be provisionally appointed for six months. Ala. Code §36-21-46(a)(3). There is no state law mandating that an individual be under direct control and supervision of a certified officer prior to becoming certified.

For qualified immunity, a defendant must first prove that he was acting within the scope of his discretionary authority at the time the allegedly wrongful acts occurred. *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002). Whether the defendants acted within the scope of their discretionary authority turns on whether the acts in question are of a type that fell within the employee's job responsibilities, rather than whether they involved the exercise of actual discretion.

4

*Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004). The inquiry is two-fold; the court asks whether the government employee was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize. See *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1185 n. 17 (11th Cir. 1994). If the defendant meets this burden, the burden shifts to the plaintiff to establish that the defendant's conduct violated clearly established law. *Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 441 F.3d 1287, 1302 (11th Cir. 2006); see also *Akins v. Fulton County, Georgia*, 420 F.3d 1293, 1300 (11th Cir. 2005); *Hope v. Pelzer*, 536 U.S. 730, 736, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

The Plaintiffs here have not shown, and cannot show, that Defendants' conduct violated clearly established law. The analysis involves two questions: (1) what was the clearly established law at the time of the public official's actions, and (2) did the public official's conduct violate the clearly established law. *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988). It is the province of this corut to determine whether the applicable law was clearly established at the time of the challenged action by reference to decisions of the United States Supreme Court, the Eleventh Circuit Court of Appeals, and the supreme court of relevant state. *D'Aguanno v. Gallagher*, 50 F.3d 877, 881 n.6 (11th Cir. 1995); *Courson v. McMillian*, 939 F.3d 1479, 1498 & n. 32 (11th Cir. 1991). This inquiry is "fact specific." *Rodgers v. Horsley*, 39 F.3d 308, 311 (11th Cir. 1994). The plaintiff must point to a controlling case, decided before the events at issue, that establishes a constitutional violation on "materially similar" facts. The contours of the right must be sufficiently clear that a reasonable official would understand that what he or she is doing violates that right. In other words, "[i]f case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the

defendant." *Rodgers*, 39 F.3d at 311; *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1557 (11th Cir. 1993), *modified*, 14 F.3d 583 (11th Cir. 1994). The plaintiff cannot rely on "general conclusory allegations" or "broad legal truisms." *Post*, 7 F.3d at 1557; *Barts v. Joyner*, 865 F.2d 1187, 1190 (11th Cir.), cert. denied, 493 U.S. 831, 110 S.Ct. 101, 107 L.Ed2d 65 (1989); *Muhammad v. Wainwright*, 839 F.2d 1422, 1424 (11th cir. 1987). The Plaintiffs here do precisely that. Nowhere in their brief do they cite to any caselaw which, in "factual terms" has "staked out a bright line". Plaintiffs' "general conclusory allegations" and "broad legal truisms" are simply insufficient, as a matter of law, to deny the Defendants qualified immunity.

Even if the Court considers the rules that Plaintiff puts forth to be "laws" of the State of Alabama, Plaintiffs' rules do not define the phrase "direct control and supervision." The supervisors at the City of Autaugaville interpreted the phrase "direct control and supervision" to mean that a certified officer needed to be available by radio. This interpretation is consistent with Alabama law and is consistent with the rules put forth by Plaintiffs. Plaintiffs' interpretation of the phrase "direct control and supervision of a certified law enforcement officer" is that a certified officer must be physically present with the provisionally appointed officer. Plaintiffs' interpretation is not supported by Alabama law. The law claimed by Plaintiffs is simply not clearly established, and the individual Defendants are entitled to qualified immunity.

### III. PLAINTIFF'S EQUAL PROTECTION CLAIMS FAIL

Plaintiffs have failed to present substantial evidence supporting their claims of equal protection violations. In fact, Plaintiffs only briefly and superficially address this claim in their brief in opposition to summary judgment. The entire argument against summary judgment as to this claim consists of the following paragraph:

> The Plaintiffs were not provided the same protection of state rules and regulations as other citizens of Alabama. It is the essence of equal protections requirement is that the state treat all those similarly situated similarly. *Wilson P. Abraham Construction Corp. v. Texas Industries, Inc.*, 604 F. 2d 897, 904 (5th Cir. 1979).

(Response Brief, p. 9).

Plaintiffs' equal protection claim is fatally deficient, however, as set forth fully in Defendants' motion for summary judgment brief. In short, Plaintiffs have not asserted that they were treated differently than other "similarly situated" individuals, *by this governmental entity*, as is required for an equal protection claim. *Spence v. Zimmerman*, 873 F.2d 256, 258 (11th Cir. 1989). Rather, Plaintiffs contend this particular municipality, the Town of Autaugaville, allegedly treats its citizens differently than other municipalities. This does not form the basis of an equal protection claim. As set out in Defendants' initial brief, this very proposition has been addressed by the Eleventh Circuit, and held to be insufficient to establish an equal protection violation. *Tarter v. James*, 667 F. 2d 964, 966-67 (11th Cir. 1982).

Thus, Plaintiffs' claim that the Town of Autaugaville treats its citizens differently than other municipalities clearly does not violate Plaintiffs' rights to equal protection under the law, even if proven. Additionally, the defendants are entitled to qualified immunity as to Plaintiffs' Equal Protection claim as well. Accordingly, this claim is due to be dismissed.

### IV.  PLAINTIFFS' SUPERVISORY FAILURE TO TRAIN CLAIM IS DUE TO BE DISMISSED

Plaintiffs' Complaint, and their response brief, very briefly, alleges a failure of the Police Chief and Mayor of the Town of Autaugaville to adequately train and supervise the officers at issue. As set forth in Defendants' initial brief, plaintiffs seeking to prevail under this theory must first prove a direct causal link between the municipal policy and the constitutional deprivation; they then

must establish that the municipality consciously enacted a policy reflecting "deliberate indifference" to the constitutional rights of its citizens. *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978); *City of Canton*, 489 U.S. 378, 389 (1989). Plaintiffs have not met this burden. Most importantly, Plaintiffs cannot establish that a constitutional deprivation occurred. Thus, the failure to train and supervise claim must also be dismissed, as such a claim, without first showing an actual violation, cannot stand. *See Rooney v. Watson*, 101 F.3d 1378, 1381-82 (11th Cir. 1996), *cert. denied,* 522 U.S. 966 (1997) ("an inquiry into a governmental entity's custom or policy is relevant only when a constitutional deprivation has occurred.").

Similarly, Plaintiffs' claims against the Town of Autaugaville are without merit. As stated above and in these Defendants' earlier submission to the Court, Plaintiffs cannot show a constitutional injury. Accordingly, the claims against the Town of Autaugaville and its mayor and police chief are due to be dismissed.

It is undisputed that there are no genuine issues of material fact. As Plaintiffs have failed to present substantial evidence of each element of their claims, summary judgment is appropriate as these Defendants are entitled to judgment. Accordingly, each claim against these Defendants is due to be dismissed as a matter of law.

Respectfully submitted,

/sRick A. Howard
ALEX L. HOLTSFORD, JR. (HOL048)
RICK A. HOWARD (HOW045)
APRIL W. MCKAY (WIL304)
Attorneys for Defendants

OF COUNSEL:
Nix Holtsford Gilliland
        Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128
(334) 215-8585

## CERTIFICATE OF SERVICE

I hereby certify that I have this day sent by mail, postage prepaid, an exact copy of the foregoing document to:

Jim L. Debardelaben
1505 Madison Avenue
Post Office Box 152
Montgomery, AL 36101-0152

This the 6th day of March, 2008.

/s Rick A. Howard
OF COUNSEL

9