IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Ricardo Matthews, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | 2:06 cv 185-MST |
| | * | |
| Town of Autaugaville, et al., | * | |
| | * | |
| Defendants. | * | |

### ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on May 19, 2008, wherein the following proceedings were held and actions taken:

1. PARTIES AND TRIAL COUNSEL:

    Jim Debardelaben, attorney for Plaintiff
    Rick Howard and April McKay, attorneys for Defendants

    COUNSEL APPEARING AT PRETRIAL HEARING:   Same as trial counsel

2. JURISDICTION AND VENUE:

    The parties do not contest the jurisdiction and venue of this action.

3. PLEADINGS:    The following pleadings and amendments were allowed:

    Complaint
    Answer

4. CONTENTIONS OF THE PARTIES:

    Plaintiff:

    Plaintiffs contend that the Town of Autaugaville, Alabama through the actions of Defendant Le Van Johnson, the Police Chief, and Defendant Curtis Jackson, the Mayor, hired Defendant Michael McCollum, Donnie Martin, Wyatt Seger III, and Officer Brent Wadsworth as police officers, when the individuals hired were not certified by the Alabama Police Officers and Standards Training Commission to be law enforcement

officers and not qualified to be law enforcement officers.

Plaintiff Matthews was stopped by Defendant McCollum on November 11, 2005 while Defendant McCollum was on duty as a law enforcement officer of the Town of Autaugaville and issued Matthews a citation. Matthews automobile was towed and placed in storage. Defendant McCollum had not been properly certified to be a law enforcement officer by APOSTC on November 11, 2005 and thus was not authorized to make an arrest or to issue citations.

On June 19, 2004 Plaintiff Jackson was cited for speeding by Defendant Martin while Defendant Martin was acting in his capacity as a police officer for the Town of Autaugaville, Alabama. On June 19, 2004 Defendant Martin had not meet the qualifications of APOSTC to be certified as a law enforcement officer and thus was not authorized to make arrest and or to issue citations.

Defendant Johnson and Jackson also hired Defendant Seger and Officer Brent Wadsworth to be law enforcement officers for the Town of Autagaville, Alabama before Defendant Seger and Officer Wadsworth were allowed to perform law enforcement duties without close supervision to enforce the law of the State of Alabama and Town of Autaugaville, Alabama.

## COUNT I- DUE PROCESS

Plaintiffs allege and aver that Defendant Le Van Johnson and Curtis Jackson have a practice and pattern of not following the law of the State of Alabama and/or the Rules of APOSTC when hiring police officers for the Town of Autaugaville, Alabama in that said Defendants allow uncertified police officers to patrol and enforce the law, suppress crime and exercise the power of arrest without being under direct control and supervision of a certified law enforcement officer. Plaintiffs further aver and allege that Defendants Johnson and Jackson have caused said uncertified officers to be paid in violation of § 36-21-50, Code of Alabama 1975, as amended.

Plaintiff Matthews claims his arrest by Defendant McCollough and Defendant Seger and Plaintiff Jackson's arrest by Defendant Martin violated each of their individual rights guaranteed by Amendment V and XIV of the Constitution of the United States of America. Plaintiff Matthews and Plaintiff Jackson claim their stop and arrest was the result of an illegal act and an act beyond the authority of the officer that stopped each of them, and was undertaken under color of state law.

## COUNT II- EQUAL PROTECTION

Plaintiffs aver that Defendants Le Van Johnson and Curtis Jackson, established a pattern, practice, policy and/or procedure by which to circumvent and violate the Rule of APOSTC and the laws of the State of Alabama. Specifically, Defendants LeVan Johnson and Curtis Jackson allow uncertified individuals to be involved in patrol

operations for the purpose of detection, prevention and suppression of crime on the enforcement of the traffic or highway laws of the state, including exercising the power of arrest, while not being under the direct control or supervision of a certified law enforcement officer as required by Rule 650-X-2-.01 of APOSTC and paid said officers in violation of State statutes.  Said action was taken under color of state law and said action violated the Plaintiffs' rights guaranteed to each of them by Amendment XIV of the Constitution of the United States of America and depriving each of the Plaintiffs the equal protection of the law.  The specific action taken against the Plaintiffs as detailed above, was illegal, unconstitutional and beyond the authority of the officer taking the action.

## COUNT III- FAILURE TO TRAIN AND SUPERVISE

The Plaintiffs aver and allege that Defendant Le Van Johnson and Curtis Jackson, acting under color of state law, failed to adequately train and supervise Defendants McCollum, Martin and Seger.  Additionally, Plaintiffs aver and allege that Brent Wadsworth worked as a patrol officer for the Town of Autaugaville from June 16, 2005 until September 29, 2005, and was never certified by APOSTC, although Brent Wadsworth was involved in numerous patrol operations for the purpose of detection, prevention and suppression of crime or the enforcement of the traffic or highway laws of the state, including the power of arrest, without being under the direct control and supervision of a certified law enforcement officer.  Plaintiffs aver and allege that Defendants Johnson and Jackson failed to adequately train and supervise Brent Wadsworth, and thus allowed Wadsworth to act beyond his authority under color of state law.

As a proximate result of Defendants Johnson and Jackson's failure to adequately train and supervise Michael McCollum, Donnie Martin, Wyatt Seger, III and Brent Wadsworth, the Plaintiffs and others similarly situated individuals were denied due process and equal protection of the laws.

Defendants:

On April 18, 2004, Plaintiff Ricardo Matthews was driving a vehicle within the city limits of the Town of Autaugaville, Alabama, when he was involved in an accident. Matthews did not have automobile liability insurance at the time, nor did he have a valid active driver's license.  The accident investigation was completed by Town of Autaugaville police officer, Lee Segers.  Plaintiff Matthews was issued a citation for no proof of insurance and driving without a valid driver's license.  Matthews pled guilty to the charge of driving without insurance, and the charge of driving with a suspended license was dismissed.

On November 11, 2005, Plaintiff Matthews was again issued a traffic citation in the Town of Autaugaville, by Town of Autaugaville Officer Michael McCollum.  Plaintiff Matthews was stopped during a routine driver's license check, and was issued a citation

for driving with a suspended license.  Plaintiff Matthews pled guilty to this charge.

The focus of Plaintiff's claim is that the officers issuing tickets were provisionally appointed, not fully certified officers, and that provisionally appointed officers cannot issue tickets unless the officers are under the "direct control and supervision" of a certified officer.  The phrase "direct control and supervision" is found in Rule 650-X-2.01 of the APOSTC Rules.  It is clear that these rules are not Alabama law.  Alabama law is silent as to the tasks a provisionally appointed police officer can perform.  The Alabama Code section which discusses provisionally appointed officers states that the individual must be certified within six months after employment and that the individual may be provisionally appointed for six months.  Ala. Code §36-21-46(a)(3).  There is no state law mandating that an individual be under direct control and supervision of a certified officer prior to becoming certified.

Plaintiff is alleging that the city officials acted in contravention to established city procedures regarding the activities of police officers prior to certification.   Thus, Plaintiff's claim is a procedural due process claim requiring Plaintiff to show the lack of a meaningful post-deprivation remedy. It is well-established that a procedural due process violation is not complete "unless and until the State fails to provide due process".  In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise.

Plaintiff also claims that the Town of Autaugaville Chief of Police and Mayor violated his equal protection rights by allowing uncertified officers to patrol the streets of the city.  However, Plaintiff has not asserted that they were treated differently than other "similarly situated" individuals, *by this governmental entity*, as is required for an equal protection claim.   Rather, Plaintiff contends this particular municipality, the Town of Autaugaville, allegedly treats its citizens differently than other municipalities.  This simply cannot form the basis of an equal protection claim.

Plaintiff alleges a failure of the Police Chief and Mayor of the Town of Autaugaville to adequately train and supervise the officers at issue. It is well-settled that a plaintiff  seeking to prevail under this theory must first prove a direct causal link between the municipal policy and the constitutional deprivation; they then must establish that the municipality consciously enacted a policy reflecting "deliberate indifference" to the constitutional rights of its citizens.  Plaintiff must first establish that a constitutional deprivation occurred.

Defendants are also entitled to qualified immunity, as Plaintiff cannot show that the individual defendants violated clearly established law. Contours of the law must be sufficiently clear that a reasonable official would understand that what he or she is doing violates that right.  In summary, if the law has not staked out a bright line rule, qualified

immunity almost always protects the defendant.  In this case, it cannot be argued that the law is clear.  Alabama Code §36-21-46(a)(3) states that an applicant may be provisionally appointed for a period of six (6) months.  This code section places no limitations on the task a provisionally appointed officer can perform.   The rules do not define "direct control and supervision of a certified law enforcement officer."  It is Defendants' contention that "direct control and supervision" can come through physical presence or being able to contact the supervisor on a radio.

5.	STIPULATIONS BY AND BETWEEN THE PARTIES:

On April 18, 2004, Plaintiff Ricardo Matthews was driving a vehicle within the city limits of the Town of Autaugaville, Alabama, when he was involved in an accident.  Matthews did not have automobile liability insurance at the time, nor did he have a valid active driver's license.  The accident investigation was completed by Town of Autaugaville police officer, Lee Segers.   Plaintiff Matthews was issued a citation for no proof of insurance and driving without a valid driver's license.  Matthews pled guilty to the charge of driving without insurance, and the charge of driving with a suspended license was dismissed.

On November 11, 2005, Plaintiff Matthews was again issued a traffic citation in the Town of Autaugaville, by Town of Autaugaville Officer Michael McCollum.  Plaintiff Matthews was stopped during a routine driver's license check, and was issued a citation for driving with a suspended license.  Plaintiff Matthews pled guilty to this charge.

**It is ORDERED that:**

**(1) The jury selection and trial of this cause, which is to last two days, are set for September 8, 2008 at 10:00 a.m. at the Frank M. Johnson, Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama;**

**(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;**

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, the jurors, and the judge to each have a set of the exhibits;

(4) Trial briefs are required to be filed by August 28, 2008;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. No. 22) entered by the court on January 23, 2007;

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by Order of the court.

DONE, this the 20th day of May, 2008.

                                      /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**