IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| RICARDO MATTHEWS, on behalf of himself and all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 2:06cv185-MHT (WO) |
| TOWN OF AUTAUGAVILLE, etc., et al., | ) ) ) | |
| Defendants. | ) | |

OPINION

Plaintiff Ricardo Matthews brings this lawsuit against defendants Town of Autaugaville, its mayor, its police chief, and two of its police officers. Matthews asserts that his rights to due process and equal protection under the Fourteenth Amendment to the United States Constitution, as enforced through 42 U.S.C. § 1983, were violated when he was arrested by uncertified police officers who were not under the direct control and supervision of a certified police officer as required by

Alabama Peace Officers Standards and Training Commission (APOSTC) standards of training. Matthews also brings a Fourteenth Amendment claim for failure to train and supervise adequately. Jurisdiction is proper under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

The case is currently before the court on the defendants' motion for summary judgment. For the reasons that follow, summary judgment will be entered in favor of the defendants and against Matthews.

I.  SUMMARY-JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. Matsushita Elec. Indus. Co. v.

2

<u>Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).  Because the pertinent facts here are essentially undisputed, the only real question is whether the defendants are entitled to summary judgment as a matter of law.


## II.  BACKGROUND

In April 2004, Matthews was driving a vehicle in the Town of Autaugaville, Alabama, when he was involved in an accident.  An Autaugaville police officer investigated the accident and issued  citations to Matthews for failure to provide proof of liability insurance and driving without a valid driver's license.  Matthews pled guilty to the lack-of-liability-insurance charge, and the driving-without-a-license charge was dismissed.  In November 2005, during a routine driver's license check, Matthews was cited by another Autaugaville police officer for, again, driving without a valid license.  Matthews pled guilty to this charge.  At the time of issuance of all these citations to Matthews, the Autaugaville police officers were provisionally appointed uncertified officers.

3

Matthews filed this suit contending that the issuance of citations by an uncertified officer not under the direct control and supervision of a certified officer, as required by the APOSTC standard of training, violated his rights to due process and equal protection. Rule 650-x-2-.01(3)(a)(2) of the Alabama Peace Office Standards and Training Commission standard of training provides in relevant part:

> "... Prior to certification, the applicant shall complete the required course of training established by the commission. An applicant may be provisionally appointed for a period of six months. No individual may be employed for an additional period until that individual is certified by the commission. ...
>
> ***
>
> (3) An applicant may be provisionally appointed for a period of six months.
>
> (a) Provisional appointment requires:
>
> ***
>
> (2) An applicant involved in patrol operation for the purpose of

4

detection, prevention and suppression of crime or the enforcement of the traffic or highway laws of the state, including exercising the power of arrest, will be under the direct control and supervision of a certified law enforcement officer."

## III.  DISCUSSION

The Autaugaville mayor, police chief, and police officers contend that they are protected by qualified immunity from Matthews's federal claims.  The qualified-immunity doctrine "offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  Because these defendants are being sued in their official capacities only, they are not entitled to qualified immunity.

### A.  Due Process

Matthews contends that his rights under the due process clause of the Fourteenth Amendment were violated. The due process clause provides that a State shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.  The clause "provides two different kinds of constitutional protection: procedural due process and substantive due process." McKinney v. Pate, 20 F.3d 1550, 1555 (11th Cir. 1994) (en banc), cert. denied, 513 U.S. 1110 (1995).  "A violation of either of these kinds of protection may form the basis for a suit." Id.  Because Matthews does not indicate whether he is pursuing a procedural-due-process or substantive-due-process theory of liability, the court will address both theories.

Substantive Due Process:  "The substantive component of the Due Process Clause protects those rights that are 'fundamental,' that is, rights that are 'implicit in the concept of ordered liberty.'" McKinney, 20 F.3d at 1555 (quoting Palko v. Connecticut, 302 U.S. 319, 325 (1937)).

6

Fundamental rights include those guaranteed by the Bill of Rights and special liberty interests such as "the rights to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception, to bodily integrity, and to abortion." <u>Doe v. Moore</u>, 410 F.3d 1337, 1343 (11th Cir. 2005) (citation omitted).    Courts should be reluctant to expand substantive due process by recognizing new fundamental rights.  <u>Collins v. City of Harker Heights</u>, 503 U.S. 115, 125 (1992) ("The doctrine of judicial self-restraint requires us to exercise the utmost care whenever we are asked to break new ground in this field.").

In order to assess whether a right is protected by the substantive component of the due process clause, the court must first craft a "careful description of the asserted right," <u>Doe</u>, 410 F.3d at 1343 (citation omitted); the court then must "determine whether the asserted right is one of those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty,

7

such that neither liberty nor justice would exist if they were sacrificed." Id. (citation and quotations marks omitted).

Matthews contends, first, that he was denied a fundamental right to liberty when a police officer who was neither certified nor under the direction and supervision of a certified officer stopped him; and, second, that he was he was denied a fundamental right to property when he was forced to pay the fine from the citation issued by that officer. The court finds, from a review of the provisions of the APOSTC standard of training and the briefs, that the asserted right at issue here is the right of a person committing a traffic offense not to be stopped and cited by an uncertified police officer not under the direct control or supervision of a certified police officer. The question then is whether this asserted right is "deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." Id.

There is no federal or state case law holding that there is a federal right not to be stopped and cited by a police officer who is neither certified nor under the direct control and supervision of a certified police officer.  The closest analogy to this right can be found in the Fourth Amendment protection against unreasonable searches and seizures, see Whren v. United States, 517 U.S. 806, 809-10 (1996) ("Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of [the Fourth Amendment]."); however, Matthews has not produced any evidence that the stops were "unreasonable under the circumstances." Id. He has not shown that the Autaugaville police officers lacked "probable cause to believe that a traffic violation ha[d] occurred." Id.

In the absence of any history or tradition that would elevate Matthews's asserted right to a fundamental right,

this court must reject his claim under the substantive component of the due process clause.

Procedural Due Process: Matthews's claim can also be construed as asserting a violation of his right to procedural due process.  To succeed on this claim, he must establish: (1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process.  Foxy Lady, Inc. v. City of Atlanta, 347 F.3d 1232, 1236 (11th Cir. 2003).  This court agrees with the defendants that Matthews has failed to establish the third element: that he has been deprived of constitutionally adequate process.

"It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of the protected interest that gives rise to a federal procedural due process claim."  Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000).  In accordance with this rule, "the state must have the opportunity to 'remedy the procedural failings of its subdivisions and agencies in the appropriate fora--

10

agencies, review boards, and state courts' before being subjected to a claim alleging a procedural due process violation." <u>Id</u>. (citation omitted)    The question therefore is whether an adequate state remedy exists for the procedural deprivation Matthews asserts.    <u>See</u> <u>Horton v. Board of County Comm'rs of Flagler County</u>, 202 F.3d 1297, 1300 (11th Cir. 2000).

Matthews had opportunities under state law to remedy the procedural failings he asserts.    At the hearings on his driving violations, he had the opportunity to contest the stops and citations by the uncertified and unsupervised police officers; he, instead, plead guilty to the infractions and paid the appropriate fines.    Because there were adequate state remedies, there was no procedural due-process violation in this case and the defendants are entitled to summary judgment on this claim.

### B.  Equal Protection

Next, Matthews asserts that the defendants violated his right to equal protection because he was treated

11

differently from the way similarly situated individuals located throughout the State of Alabama were. Specifically, Matthews contends that, unlike other similarly situated individuals in Alabama, he was subjected to arrest by an officer who was neither certified nor under the direct control and supervision of a certified officer.

The equal protection clause requires that "all persons similarly situated ... be treated alike." Spence v. Zimmerman, 873 F.2d 256, 261 (11th Cir. 1989) (quoting City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). To be "similarly situated," comparators must be "prima facie identical in all relevant respects." Campbell v. Rainbow City, Alabama, 434 F.3d 1306, 1314 (11th Cir. 2006). Matthews's claim that the defendants treat Autaugaville citizens differently from the way other municipalities treat their citizens cannot form the basis of an equal-protection claim because the comparators are not identical in all relevant respects. The Eleventh Circuit, quoting the Supreme Court, has explained:

12

"[T]here is nothing in the Constitution to prevent any State from adopting any system of laws or judicature it sees fit for all or any part of its territory. If the State of New York, for example, should see fit to adopt the civil law and its method of procedure for New York City and the surrounding counties, and the common law for the rest of the State, there is nothing in the Constitution of the United States to prevent its doing so. This would not, of itself, within the meaning of the Fourteenth Amendment, be a denial to any person of the equal protection of the laws. If every person residing or being in either portion of the State should be accorded the equal protection of the laws prevailing there, he could not justly complain of a violation of the clause referred to. For, as before said, it has respect to persons and classes of persons. It means that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in the same place and under like circumstances."

Tarter v. James, 667 F.2d 964, 966 (11th Cir. 1982) (quoting Missouri v. Lewis, 101 U.S. 22, 31 (1879)). One of the essential elements for an arguably viable equal-protection claim is that the Town of Autaugaville and its officers treated similarly situated persons within the

city limit differently.  Matthews's equal-protection claim
fails because he has not made any allegations, or offered
any evidence, to support that element.   For example,
Matthews has not made any allegations, or offered any
evidence, that the defendants subjected other persons,
within the city limit, to traffic stops and citations by
only officers who were certified or under the direct
control and supervision of a certified officer; or, to put
it another way, that other persons within the city limit
were never subject to arrest by police officers who were
neither certified nor under the direct control and
supervision of a certified officer.   The defendants are
therefore entitled to summary judgment on Matthews's
equal-protection claim.


   C.  Failure to Train and Supervise Adequately

    Finally, Matthews asserts that Autagaville, its mayor,
and its police chief failed to train and supervise the
uncertified police officers adequately in violation of his
rights to due process and equal protection.   The court is

unaware of any independent and general obligation placed on government officials by the due process and equal protection clauses to train and supervise police officers. Consistent with the reasoning detailed above, there is no right deeply rooted in our nation's history and tradition to be stopped only by adequately trained and supervised police officers; therefore, the defendants did not violate Matthews's right to substantive due process. Similarly, as explained above, an adequate state law remedy was available to contest the stops and citations by supposedly inadequately trained and supervised police officers; therefore, the defendants did not violate Matthews's right to procedural due process. Finally, Matthews has not presented any evidence that Autaugaville, its mayor, or its police chief treated similarly situated persons differently by failing to adequately train and supervise the police officers; therefore, the defendants did not violate Matthews's right to equal protection.

Moreover, to the extent that Matthews is asserting that these defendants failed to train and supervise the

15

uncertified police officers so as to avoid the due-process and equal-protection violations asserted by Matthews above, such claim lacks merit. Because, as explained above, there was no violation of these rights, there was no inadequate training and supervision in this regard either.

***

For the foregoing reasons, the defendants' motion for summary judgment will be granted on all of Matthews's claims.

An appropriate judgment will be entered.

DONE, this the 20th day of August, 2008.

<u>/s/ Myron H. Thompson</u><br>
UNITED STATES DISTRICT JUDGE